RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 8 25 06
BY DM

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### SHREVEPORT DIVISION

| | |
|---|---|
| METROPOLITAN LIFE INS. CO. | CIVIL ACTION NO. 05-0112 |
| VERSUS | JUDGE DONALD E. WALTER |
| CHRISTINE CLASPELL, ET AL. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before this Court are cross Motions for Summary Judgment filed on behalf of concursus defendants, Christine Claspell, individually and as natural tutrix of Michelle Megan Claspell [Doc. #26] and Cynthia Ann Wood, individually and as trustee of the Kaye L. Claspell Trust [Doc. #30], pursuant to Federal Rule of Civil Procedure 56. Neither motion is opposed.[1] For the reasons assigned herein, Claspell's Motion is **DENIED** and Wood's Motion is **GRANTED**..

## STATEMENT OF THE CASE

This is a concursus proceeding involving two claimants to life insurance policies owned by decedent Kaye L. Claspell ("Decedent").[2] As the facts in this case are undisputed, the Court asked both parties to submit Motions for Summary Judgment in order to resolve this matter.

Decedent was employed by General Motors Corporation and was a member of the GM-United Auto Workers Employment Benefit Plan (the "Plan"). Under the Plan, Decedent participated in two life insurance policies. On December 11, 2000, Decedent executed a change in beneficiary

---

[1] Counsel for Christine Claspell slipped an opposition to Cynthia Ann Wood's Motion for Summary Judgment under this Court's office door, but it was never filed with the Clerk of Court and was untimely. Accordingly, this Court will not consider Claspell's opposition.

[2] Interpleader Metropolitan Life Insurance Company has paid the proceeds of both policies involved in this litigation into the registry of the Court and has been dismissed from this action.

form in which she named her daughter, Christine Claspell ("Claspell"), as beneficiary of sixty percent of the proceeds of her life insurance and her granddaughter, Megan Claspell, as beneficiary of the remaining forty percent. On January 14, 2004, Decedent executed a letter with the help of Sidney Zeller, the managing attorney for the Shreveport office of the UAW-GM Legal Services Plan. In this letter, Decedent attempted to change beneficiaries of the two policies again and establish a trust for her daughter and her two granddaughters. Under the provisions of the letter, Cynthia Ann Wood ("Wood") was to serve as trustee and was to claim some of the proceeds from the two policies.

Claspell asserts that the 2004 change of beneficiary letter is not valid because Decedent never submitted the proper Designation of Beneficiary form to Metropolitan Life. Wood asserts that Decedent's 2004 letter fully or substantially complies with the Plan's requirements and that it is sufficient to change the beneficiary as desired by Decedent. This case revolves around the issue of whether Louisiana's strict construction rule applies to beneficiary designations or whether federal common law's substantial compliance rule applies.

## SUMMARY JUDGMENT STANDARD

Under Fed. R. Civ. P. 56 (c), summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." A fact is "material" if it may affect the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). An issue is "genuine" if there is sufficient evidence so that a reasonable jury could return a verdict for either party. Id. The court must "review the facts drawing all references

2

most favorable to the party opposing the motion." Reid v. State Farm Mutual Auto Insurance Co., 784 F.2d 577, 578 (5th Cir. 1986).

The moving party bears the initial responsibility of informing the court of the basis for its motion, and identifying those parts of the record that it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Lawrence v. Univ. of Tex. Med. Branch at Galveston, 163 F.3d 309 (5th Cir. 1999). The moving party need not produce evidence to negate the elements of the non-moving party's case, but need only point out the absence of evidence supporting the non-moving party's case. Celotex Corp., 477 U.S. at 325; Lawrence, 163 F.3d at 311.

Once the moving party carries its initial burden, the burden then falls upon the non-moving party to demonstrate the existence of a genuine issue of material fact. Matsushita Electrical Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 106 S.Ct. 1348, 1355-56 (1986). This burden is not satisfied with some metaphysical doubt as to the material facts, by conclusory or unsubstantiated allegations, or by a mere scintilla of evidence. Little v. Liquid Air. Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). The non-moving party "must go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial." Wallace v. Texas Tech. Univ., 80 F.3d 1042, 1047 (5th Cir. 1996) (citations omitted).

Pursuant to Local Rule 56.1, the moving party shall file a short and concise statement the material facts as to which it contends there is no genuine issue to be tried. Local Rule 56.2 requires that a party opposing the motion for summary judgment set forth a "short and concise statement of the material facts as to which there exists a genuine issue to be tried." All material facts set forth in the statement required to be served by the moving party "will be deemed admitted, for purposes

of the motion, unless controverted as required by this rule." Local Rule 56.2.

## LAW AND ANALYSIS

Decedent's Plan is governed by the Employee Retirement Income Security Act, 29 U.S.C. § 1001, et seq. ("ERISA"), which preempts all state laws that "relate" to an ERISA plan. Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 139-139, 111 S.Ct. 478, 482-483, 112 L.Ed.2d 474, 483 (1990). The Supreme Court elaborated that, "[u]nder this 'broad common sense meaning,' a state law may 'relate to' a benefit plan even if the law is not specifically designed to affect such plans, or the effect is only indirect." Id., 498 U.S. at 139. The Fifth Circuit has ruled that ERISA preempts state law regarding designation of beneficiaries of an ERISA plan: "[t]he law used to interpret the designation of a beneficiary under the plan clearly relates to the plan, and thus, ERISA preempts Louisiana law in this arena." Duggins v. Fluor Daniel, Inc., 217 F.3d 317, 319 (5th Cir. 2000).

ERISA is silent as to which party should be deemed the beneficiary among disputing claimants. Metro. Life Ins. Co. v. Johnson, 297 F.3d 558, 564 (7th Cir. 2002). Under these circumstances, the Fifth Circuit has held that courts should look to federal common law to determine rights and obligations under ERISA-regulated plans. Guardian Life Ins. Co. v. Finch, 395 F.3d 238, 240 (5th Cir. 2004) ("this court has consistently applied federal common law to determine the proper beneficiary of plans governed by ERISA").

Under federal common law, the doctrine of substantial compliance governs disputes regarding the designation of beneficiaries. The Fourth Circuit has held that substantial compliance is a fair way to ensure that a Decedent's wishes are fulfilled: "By definition, substantial compliance is less than actual compliance. The point of the doctrine, whether found in federal or state law, is to give effect to an insured's intent to comply when that intent is evident." Phoenix Mutual Life Ins.

4

Co. v. Adams, 30 F.3d 554, 565 (4th Cir. 1994). Under this doctrine, an insured must intend to change his beneficiary and he must take positive action to effectuate that intent. Id.

Although the Fifth Circuit has not yet published an opinion validating this doctrine, it has ruled that substantial compliance should be used to govern change of beneficiary procedures under ERISA. Hartford Life & Accident Ins. Co. v. Wilmore, 31 Fed.App'x. 832 (5th Cir. 2002). Also, district courts in this circuit have held that the Phoenix Mutual formula for substantial compliance should be used under these circumstances. See Conn. Gen. Life Ins. Co. v. Thomas, 910 F. Supp. 297, 301 (S.D. Tex 1995). We now turn to Decedent's 2004 letter to determine if it substantially complied with the change of beneficiary provisions of her ERISA life insurance policy.

Shortly before her death, Decedent met with Sidney Zeller ("Zeller"), the managing attorney of the local office of the UAW-GM Legal Services Plan. She told Zeller that she wished to change her beneficiary from her daughter and one granddaughter to a trust. Zeller received approval from the General Motors National Benefits Center to devise a form of a letter that would quickly effectuate the change in designation of beneficiaries for the Decedent.[3] Decedent told Zeller that she wanted to establish this trust to keep Claspell from wasting the assets from the policies, and Decedent was adamant about her wishes. Zeller drafted a letter which was consistent with Decedent's wishes, and Decedent signed this letter. Zeller attests that her behavior never indicated any mental or emotional difficulties, and "she appeared to me to be in full control of her faculties."

It is clear to this Court that Decedent substantially complied with the Plan's change of beneficiary procedures. There is evidence that she fully intended to leave her assets in a trust, and

---

[3] See 28 U.S.C. §1746 Declaration of Sidney J. Zeller, and Wood's Exh. A, January 14, 2004 beneficiary designation letter signed by Decedent.

5

that she sought legal counsel to establish this trust. This Court finds that this evidence meets the requirements of Phoenix Mutual.

## CONCLUSION

Accordingly, for the reasons stated above, Claspell's Motion for Summary Judgment [Doc. #26] is hereby **DENIED** and Wood's Motion for Summary Judgment [Doc. #30] is hereby **GRANTED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 21 day of August, 2006.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE